NOT DESIGNATED FOR PUBLICATION

No. 112,815

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHONG HER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DELIA M. YORK, judge. Opinion filed June 17, 2016.
Affirmed in part and dismissed in part.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Ian D. Tomasic*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*: After a jury trial, Chong Her was convicted of possession of methamphetamine. He raises three issues on appeal. First, he contends that the evidence was insufficient to convict him of possession of methamphetamine. But we find that the location of the drug, in Her's pants pocket, was sufficient evidence of Her's knowledge and intent to possess drugs that a reasonable jury could have inferred guilt beyond a reasonable doubt.

Next, Her argues that the prosecutor expressed his personal opinion of Her's guilt when he said in closing argument, "I submit that the only logical verdict is guilty on both counts;" and when he elaborated, "The defendant knew that he had the methamphetamine, the defendant knew that he had this glass pipe." But the statements Her challenges were preceded by a discussion of the evidence that was presented during the trial. As a result, the statements are best viewed as directional and did not exceed the scope of permissible argument.

Finally, prior to sentencing, Her objected to the criminal history score contained in his presentence investigation (PSI) report, arguing that an out-of-state conviction was improperly scored as a person felony. The district court overruled his objection and sentenced him in accordance with the PSI report. On appeal, the State concedes that the district court erred by engaging in fact finding to determine Her's criminal history score, but we agree with the State that the issue is moot because Her has served his sentence.

Affirmed in part and dismissed in part.

FACTUAL AND PROCEDURAL HISTORY

Police were dispatched to investigate a car that was parked blocking a driveway in a residential area of Kansas City, Kansas. Upon arrival, police found Her passed out in the front seat of a stolen car bearing Missouri license plates. Once police were able to rouse Her, they had him step out of the vehicle and they placed him under arrest due to the stolen vehicle report. Police conducted a search incident to arrest of Her's person and discovered a crystal substance in his left front pants pocket that was tested and found to be methamphetamine. Police additionally found a glass pipe on the seat underneath where Her had been sitting that tested positive for traces of methamphetamine. No further search of the vehicle was conducted because the Kansas City Police Department had been instructed by Missouri police to turn the vehicle over to them untouched.

2

Her was charged in Kansas with possession of methamphetamine and possession of drug paraphernalia. During closing arguments, Her challenged the sufficiency of the State's evidence. He questioned whether the evidence actually proved Her was aware of the presence of the methamphetamine and the pipe, or if the drugs and pipe could have been placed in Her's jeans and in the car by a third person. The jury found Her guilty of possession of methamphetamine but acquitted him of possession of drug paraphernalia.

Prior to sentencing, Her objected to the State's calculation of his criminal history score, arguing that a Minnesota conviction should have been scored as a nonperson felony rather than a person felony. At the sentencing hearing, the district court heard arguments related to Her's objection. In support of the classification of the out-of-state conviction as a person felony, the State introduced the probable-cause statement from the Minnesota conviction. Based on the facts contained in the statement, the district court determined that the conviction was most comparable to the Kansas crime of fleeing and eluding a police officer with aggravating circumstances making it a person felony, and overruled Her's objection. Her was then sentenced based on the criminal history score of C. Her now appeals.

ANALYSIS

*The evidence was sufficient to support Her's conviction for possession of methamphetamine.*

Her argues that there was insufficient evidence to convict him of possession of methamphetamine. In determining whether there is sufficient evidence to support a conviction, this court reviews all evidence in the light most favorable to the prosecution. The conviction will be upheld if, based on the trial evidence, a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). While the State bears the burden of proving each

3

element of the crime or crimes charged, "circumstantial evidence and the logical inferences therefrom are sufficient to support a conviction of even the most serious crime." *State v. Scott*, 285 Kan. 366, 372, 171 P.3d 639 (2007).

Her specifically complains that the State failed to proffer sufficient evidence to prove beyond a reasonable doubt that he knew there was methamphetamine in his pocket and that he intended to possess the drug. Because the element of criminal intent goes to a defendant's mental state, it is difficult to establish through direct evidence. It is only when a defendant has admitted to the commission of a crime that there will be clear and direct evidence of his or her criminal intent. In all other instances, it is necessary to infer intent from circumstantial evidence. See *State v. Graham*, 244 Kan. 194, 206, 768 P.2d 259 (1989).

In *Graham*, our Supreme Court considered a case with facts and arguments very similar to those at issue here. There, Graham was arrested on a bench warrant for failing to appear at a court hearing. During a search incident to arrest, police found cocaine in the pockets of his pants and jacket and methamphetamine and marijuana in the center console of the car he was driving. At trial, Graham argued that the pants, jacket, and car all belonged to a friend and that he had no knowledge of the presence of drugs in any of the locations where they were found and he did not intend to possess the drugs. Nevertheless, the jury found him guilty of each possession charge.

On appeal, Graham argued that the jury lacked sufficient evidence to convict him of possession of cocaine. Our Supreme Court recognized that "[p]ossession is having control of a thing with the knowledge of, and the intent to have, such control." 244 Kan. at 206. And, that possession and intent "may be proved by circumstantial evidence." 244 Kan. at 206. The Supreme Court then concluded that based on the facts submitted to the jury, especially the fact that the cocaine was located on Graham's person, a rational jury could have inferred intent to possess beyond a reasonable doubt. 244 Kan. at 206.

The same outcome is necessary here. Methamphetamine was located in the pocket of Her's pants. Despite Her's attempt to argue that his intent to possess the methamphetamine was not proven, the location of the drug was sufficient evidence of Her's knowledge and intent to possess drugs that a reasonable jury could have inferred guilt beyond a reasonable doubt.

*The prosecutor did not commit reversible misconduct in closing arguments.*

Her next argues that the prosecutor committed misconduct during closing arguments that was so egregious it denied Her his right to a fair trial. Appellate review of allegations of prosecutorial misconduct involving improper comments to a jury during closing arguments requires a two-step analysis. First, this court determines whether the prosecutor's comments were outside the wide latitude the prosecutor is allowed in discussing the evidence. *State v. Armstrong*, 299 Kan. 405, 416, 324 P.3d 1052 (2014). If misconduct is found, this court must go on to the second step in which it determines whether the improper comments compel reversal; that is, whether the statements prejudiced the jury against the defendant so that the defendant was denied a fair trial. 299 Kan. at 416.

In the second step of the analysis, this court considers three factors: (1) whether the misconduct was gross and flagrant, (2) whether the misconduct showed ill will on the prosecutor's part, and (3) whether the evidence was of such a direct and overwhelming nature that the misconduct would likely have had little weight in the minds of the jurors. *Williams*, 299 Kan. at 540. None of these three factors is individually controlling. 299 Kan. at 540. Before the third factor can override the first two factors, this court must be able to say that the harmless error test of *Chapman v. California*, 386 U.S. 18, 22-23, 87 S. Ct. 824, 17 L. Ed. 2d 705, *reh. denied* 386 U.S. 987 (1967), has been met. *Armstrong*, 299 Kan. at 417. Under this test, the party benefitting from the alleged prosecutorial misconduct must prove "'beyond a reasonable doubt that the error complained of will not

5

or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.'" 299 Kan. at 417. It is rare that a prosecutor's comments, even when deemed misconduct, will be found to be so prejudicial that it is necessary to reverse and remand the case for a new trial. See *State v. Pabst*, 268 Kan. 501, 502, 996 P.2d 321 (2000).

Her argues that the prosecutor committed misconduct when he said, "I submit that the only logical verdict is guilty on both counts;" and when he elaborated, "The defendant knew that he had the methamphetamine, the defendant knew that he had this glass pipe." Her contends that these statements constitute the prosecutor expressing his personal opinion of Her's guilt because they were not preceded by a qualifier such as "'the evidence shows.'"

While our Supreme Court has expressed a preference for the use of qualifying language, such as "'"the evidence shows,"'" before a prosecutor asserts that a defendant is guilty, the true test is whether an assertion of guilt is accompanied by a discussion of the evidence. See *State v. De La Torre*, 300 Kan. 591, 612, 331 P.3d 815 (2014). If an assertion of guilt is not preceded or followed by a discussion of the evidence indicating guilt, then the statement is properly viewed as the prosecutor's opinion. See 300 Kan. at 612. However, when placed in the context of a summation of the evidence that was presented during trial, such comments are best characterized as "directional" and do not exceed the wide latitude afforded to prosecutors to craft their arguments. *State v. Mann*, 274 Kan. 670, 689, 56 P.3d 212 (2002).

The statements Her challenges here were preceded by a discussion of the evidence that was presented during the trial. As a result, the statements are best viewed as directional and did not exceed the scope of permissible argument.

6

Even assuming these comments constituted misconduct, it is clear that they were not prejudicial. In the portion of the closing statement that Her is challenging, the prosecutor asked the jurors to use their common sense to find Her guilty on both counts because it was implausible that Her would not have been aware of the methamphetamine in his pocket and pipe on the seat where he was sitting. Nevertheless, the jury acquitted Her of possession of drug paraphernalia. The jury's willingness to acquit Her of this charge is clear evidence that the prosecutor's statements were not prejudicial. See *State v. Garcia-Holguin*, No. 101,934, 2010 WL 3731265, at *2 (Kan. App. 2010) (unpublished opinion) (noting that Garcia-Holguin's acquittal was evidence that he was not prejudiced by the prosecutor's statement), *rev. denied* 291 Kan. 915 (2010).

Because the prosecutor did not commit misconduct, and even if he did any error was harmless, Her's claim of error fails.

*Even if we assume that the district court erred when it calculated Her's criminal history score, his claim is moot.*

Her finally argues that the district court erred when it relied on the probable-cause statement from a prior, out-of-state conviction to classify the conviction as a person felony. The State concedes that if this issue is considered on the merits, Her's sentence must be vacated and the case remanded for resentencing. But, the State argues that this issue is moot because Her was released from the Kansas Department of Corrections on July 17, 2015, and released from postrelease supervision on January 17, 2016. Her concedes that he was released from prison on July 17, 2015, but contends that he will be on postrelease supervision until July 17, 2016. We are unclear the reason there is a discrepancy between the parties and it is generally the duty of the State to provide this court with notice of a change in status. Kansas Supreme Court Rule 2.042 (2015 Kan. Ct. R. Annot. 18). Absent notice, this court will presume that Her's postrelease supervision

7

term is still being served as alleged by Her. In the end, it makes no difference to our analysis. Her's claim with regard to his sentence is moot.

We have unlimited review of the State's claim that the appeal is moot. See *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). An appeal is moot if it convincingly appears that the only judgment which could be entered would be ineffectual for any purpose. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Such is the case here. Postrelease supervision is mandatory. K.S.A. 2013 Supp. 22-3717(d)(l). The length of the supervision is dictated by the severity level of the crime of conviction; criminal history is irrelevant. See K.S.A. 2013 Supp. 22-3717(d)(l)(A)-(C). A 12-month period of postrelease supervision is the statutory minimum. See K.S.A. 2013 Supp. 22-3717(d)(1)(C). So any change in Her's criminal history score would have no legal effect on his period of postrelease supervision. For example, assuming Her's prison sentence were actually too long because of a mistake in determining his criminal history, the excess time of incarceration could not be applied to reduce a mandatory period of postrelease supervision. See *State v. Gaudina*, 284 Kan. 354, 368, 160 P.3d 854 (2007); *State v. Reed*, No. 113,845, 2016 WL 2775148, at *2 (Kan. App. 2016) (unpublished opinion); *State v. Brown*, No. 112,825, 2015 WL 9286987, at *4 (Kan. App. 2015) (unpublished decision), *petition for rev. filed* January 14, 2016; *State v. Dunn*, No. 111,283, 2015 WL 2414362, at *2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. ___ (February 9, 2016). Accordingly, because it is undisputed that Her has served the prison portion of his sentence, and regardless of what may occur at resentencing his postrelease supervision could not be less than 12 months, Her's claim is moot.

Affirmed in part and dismissed in part.